# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANICA GAGLIANO-DELTGEN and
VICTOR GARCIA,

                Plaintiffs,

v.

CITY OF KENOSHA and JOHN DOES
1-100,

                Defendants.

Case No. 20-CV-1353-JPS

**ORDER**

      Before the Court are two pending motions: a motion by Plaintiffs' counsel to withdraw from representation in the case (which would leave the remaining Plaintiffs, Danica Gagliano-Deltgen and Victor Garcia, unrepresented), and a motion for summary judgment by the remaining Defendants, City of Kenosha and John Does 1-100. ECF Nos. 44, 46. As detailed in this Order, the Court will grant Plaintiffs' counsel's motion to withdraw and will dismiss Plaintiffs' remaining claims for Plaintiffs' failure to prosecute. Consequently, the Court will also deny Defendants' motion for summary judgment as moot and will now dismiss this action in its entirety.

      On July 27, 2022, the Court issued an order adopting the parties' stipulation to dismiss two of the four named Plaintiffs in this case; in its order, the Court additionally terminated Defendants who were no longer relevant to the action in light of Plaintiffs' failure to amend their complaint within the specified time. ECF No. 45. That same day, Attorneys E. Milo Schwab and Kimberly Cy. Motley, Plaintiffs' counsel, filed a motion to

withdraw from representation of the remaining Plaintiffs. ECF No. 44.[1] As the basis for their motion, Attorneys Schwab and Motley state that, "[d]espite numerous efforts via phone calls, text messages, and emails," "Counsel and the [r]emaining Plaintiffs have not been able to effectively communicate for a period of time which renders Counsel unable to effectively represent the[ir] interests" and "unable to engage in the discovery process." *Id.*

In assessing a motion to withdraw from representation, "[m]ost federal courts use the ethical rules of the state in which they sit." *Watkins v.*

---

[1] Plaintiffs' counsel filed their motion as a restricted document, but did not file an accompanying motion to seal or restrict as required by General Local Rule 79(d). The Clerk of Court alerted Plaintiffs' counsel to this deficiency in a "Notice of Electronic Filing Error" docket entry the day after the motion was filed. Plaintiffs' counsel was also put on notice that the Court "will consider any document or material filed with the Court to be public unless . . . accompanied by a separate motion requesting" restriction or sealing. Gen. L.R. 79(d). Plaintiffs' counsel has not yet rectified the error.

The Court is cognizant that Plaintiffs' counsel's motion pertains to information about the attorney-client relationship that may be confidential. *See* Wis. Sup. Ct. R. 20:1.6 (incorporating ABA Comment [3] and defining as confidential "all information relating to the representation, whatever its source"). However, attorneys may reveal confidential information when they are "impliedly authorized" to do so "in order to carry out representation." *Id.* (incorporating ABA Comment [5], and providing examples of disclosures of confidential information that are impliedly authorized, such as "to admit a fact that cannot properly be disputed or to make a disclosure that facilitates a satisfactory conclusion to a matter").

Although Plaintiffs' counsel filed their motion as a restricted document, they did nothing when notified that further action was required from them if they wished for their filing to remain restricted. Considering the applicable ethical rules, the Court finds Plaintiffs' counsel's disclosure of confidential information was impliedly authorized to carry out the representation of Plaintiffs (in this case, the "satisfactory conclusion of the matter"). Moreover, the substance of Plaintiffs' counsel's filing reveals no confidences, only the fact of Plaintiffs' non-communication. Accordingly, the Court explicitly references the substance of the motion to withdraw in this Order; likewise, the instant Order will not be sealed. The Clerk of Court is directed to make Plaintiffs' counsel's motion, ECF No. 44, publicly available on the docket.

*TransUnion, LLC*, 869 F.3d 514, 519 (7th Cir. 2017) (quoting *Huusko v. Jenkins*, 556 F.3d 633, 636 (7th Cir. 2009)). Accordingly, the Court assesses Attorneys Schwab and Motley's motion under Wisconsin Supreme Court Rule 20:1.16. This rule states, in pertinent part: provided that a lawyer "compl[ies] with applicable law requiring notice to or permission of a tribunal when terminating a representation," "a lawyer may withdraw from representing a client if . . . the representation . . has been rendered unreasonably difficult by the client." Wis. Sup. Ct. R. 20:1.16(b)(6) and (c). The rule additionally *requires* a lawyer to withdraw from representation when "the representation will result in violation of the Rules of Professional Conduct." Wis. Sup. Ct. R. 20:1.16(a)(1).[2]

Here, according to Plaintiffs' counsel (though their statements are made in the body of the motion itself, not in a sworn affidavit), Plaintiffs Gagliano-Deltgen and Garcia have failed "for several months" to respond to all of counsel's attempts to communicate with them. ECF No. 44 at 1. The Court concurs that this constitutes good cause to grant counsel's motion to withdraw, under either standard (permissive or mandatory) for withdrawal set forth in the Wisconsin Supreme Court rules for lawyers. Particularly in light of the fact that two of the four named Plaintiffs recently stipulated to release their claims against the Defendants—and that all four Plaintiffs brought identical claims as part of a putative class—this is a critical juncture for counsel to determine Ms. Gagliano-Deltgen's and Mr. Garcia's willingness to continue in the litigation. Without communication

---

[2]An advisory ethics opinion similarly states that "[l]awyers have duties to communicate with clients . . . and to represent clients competently . . . and diligently. If a lawyer has had no contact with a client, it is possible that the lawyer may not be able to fulfill these duties and thus be required by SCR 20:1.16(a)(1) to seek a court's permission to withdraw from the matter." Wis. Memorandum Ethics Op. EM-18-01: Local Court Rule Requiring Withdrawal (2018).

Page 3 of 6
Case 2:20-cv-01353-JPS   Filed 08/18/22   Page 3 of 6   Document 48

from their clients, representation will either be "unreasonably difficult" (for example, counsel would have to draft a response to Defendants' motion for summary judgment without full fact discovery) or violative of the ethics rules (for example, if the case is not resolved on summary judgment, counsel may be required to contemplate settlement offers without input from their clients).

Accordingly, the Court grants Attorneys Schwab and Motley's motion to withdraw from representation of the remaining Plaintiffs. Pursuant to Civil Local Rule 7.1(e)(3), Attorneys Schwab and Motley are directed to serve a copy of the moving papers, the instant Order, and the Judgment to follow on Ms. Gagliano-Deltgen and Mr. Garcia, and to file a certificate of service on the docket.

Further, the Court will dismiss the remaining claims for Plaintiffs' failure to diligently prosecute their case. This litigation has stalled: as Defendants emphasize in their motion for summary judgment, Plaintiffs have failed to participate in discovery to marshal evidence of even the most basic facts in support of their claims. *See* ECF No. 47. Though it is unclear whether Plaintiffs themselves, Plaintiffs' counsel, or some combination thereof is to blame, the Court need not assign blame to conclude that dismissal for failure to prosecute is warranted. District courts have inherent authority to dismiss a case for failure to prosecute where a party evinces a lack of prosecutorial intent. *GCIU Emp. Ret. Fund v. Chi. Trib. Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993). A lack of prosecutorial intent may be inferred from factors such as failing to respond adequately to discovery requests or failure to meet deadlines. *Id.* at 1200.

While Plaintiffs appeared to be litigating the case diligently towards the beginning of the action (for example, timely responding to Defendants' motion to dismiss, *see* ECF Nos. 17 and 25), they disregarded the Court's

deadline to amend their complaint. Such an action on its own does not necessarily evince a lack of prosecutorial intent (though it does cast doubt on the merits of Plaintiffs' claims). However, Plaintiffs' further failure to participate meaningfully in discovery, which is highlighted not only in Defendants' motion for summary judgment but in Plaintiffs' counsel's motion to withdraw as well, leads the Court to conclude that Plaintiffs no longer seriously intend to continue this litigation. For this reason, the Court will dismiss Plaintiffs' remaining claims for their failure to prosecute.

In light of the procedural history and current posture of this case, the Court finds the most prudent form of dismissal at this time is dismissal without prejudice as to the remaining parties and claims. The Court is dismissing the action *and* simultaneously granting Attorneys Schwab and Motley's motion to withdraw from representation without an assurance that substitute counsel is available and without scheduling a hearing at which Ms. Gagliano-Deltgen and Mr. Garcia can argue the motion to withdraw. The Court previously found some of Plaintiffs' allegations presented at least a plausible claim for relief. *See* ECF No. 35. Whether these allegations would survive summary judgment or trial after *full* discovery is not before the Court. Should Ms. Gagliano-Deltgen or Mr. Garcia seek to resurrect their claims, either acting *pro se* or with new counsel, they will not be barred from doing so, but they should also note that lethargic approaches to litigation will not fare well.

Defendants' motion for summary judgment, ECF No. 46, will be denied as moot. Though the motion is not yet fully briefed, no further briefing is required because the case is being disposed of on other grounds.

Accordingly,

**IT IS ORDERED** that Plaintiffs' attorneys' motion to withdraw from representation, ECF No. 44, be and the same is hereby **GRANTED**;

Attorneys E. Milo Schwab and Kimberly Cy. Motley be and the same are hereby **TERMINATED** as counsel for Plaintiffs Danica Gagliano-Deltgen and Victor Garcia;

**IT IS FURTHER ORDERED** that, pursuant to Civil Local Rule 7.1(e)(3), Attorneys E. Milo Schwab and Kimberly Cy. Motley are **ORDERED** to serve a copy of their motion to withdraw as counsel, a copy of this Order, and a copy of the Judgment to follow on Plaintiffs Danica Gagliano-Deltgen and Victor Garcia, and to file a certificate of service on the docket;

**IT IS FURTHER ORDERED** that the remaining claims of Plaintiffs Danica Gagliano-Deltgen and Victor Garcia against Defendants City of Kenosha and John Does 1-100 be and the same are hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment, ECF No. 46, be and the same is hereby **DENIED as moot.**

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of August, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge